UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARA MICHELLE STEWART,<br><br>    Plaintiff,<br><br>v.<br><br>FAY SERVICING, LLC,<br><br>    Defendant. | Case No. 24-cv-01775-RFL<br><br>**ORDER TO SHOW CAUSE RE: CITIZENSHIP OF DEFENDANT FAY SERVICING, LLC AND PROOF OF SERVICE** |

    Plaintiff Kara Michelle Stewart has filed a foreclosure-related suit against Defendant Fay Servicing, LLC. On March 22, 2024, Stewart filed an application for a temporary restraining order ("TRO") which is currently pending before the Court. (Dkt. No. 4). She alleges that the foreclosure sale is scheduled in two days, on March 27, 2024. (*Id.*) For the reasons explained below, the law requires the Court to ensure it has jurisdiction before it hears the case, even if the parties do not raise the issue. Here, it does not appear that the allegations in the Complaint are currently sufficient to support the Court's federal subject matter jurisdiction. Since the foreclosure sale is scheduled to occur in two days, Stewart must address this by filing a first amended complaint or written response to this Order to Show Cause by **12:00 p.m. tomorrow, March 26, 2024**. Stewart must also file an updated proof of service or written response regarding service by the same deadline.

    ***Subject matter jurisdiction.*** "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court has an independent duty to determine whether it has subject matter jurisdiction over a case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). If a federal court determines that it does not have subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

1

Stewart asserts subject matter jurisdiction on the basis of diversity. (Dkt. No. 1 ¶ 7.) The Ninth Circuit has held that for purposes of determining diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Complaint does not specify the citizenship of Fay Servicing's "owners/members." (*See* Dkt. No. 1.) Rather, it provides information on Fay Servicing's "principal address," which may be relevant to the citizenship of a corporation, but not an LLC. (*Id.* ¶ 7.)

For the reasons explained above, it does not appear to the Court that the Complaint properly asserts diversity jurisdiction. If Stewart believes the Court's analysis to be incorrect, she may file a written response explaining why subject matter jurisdiction is proper in this case. Alternately, Stewart shall file a first amended complaint addressing the above-identified deficiencies. Specifically, the amended complaint shall allege the citizenship of all of Fay Servicing, LLC's owners/members. If any of the owners/members are themselves LLCs, Stewart shall allege the citizenship of those entities as well. **The written response or first amended complaint must be filed by 12:00 p.m. on March 26, 2024.**

*Proof of service.* Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings filed after the original complaint. Rule 5(b) describes how service can be made, including by hand delivery or by mailing it to the person's last known address. Fed. R. Civ. P. 5(b)(2). Email delivery is not listed as an approved method. To serve by a means not listed under Rule 5(b), the defendant must consent in writing to the alternate service. Fed. R. Civ. P. 5(b)(2)(f). For a limited liability corporation, service must be made on an authorized agent. *See* Fed. R. Civ. P. 4(h)(1)(B).

On March 22, the Court ordered Stewart to serve the TRO and the Order "on the authorized agents for Defendant" and any counsel for Defendant with whom Stewart has communicated regarding this matter. (Dkt. No. 9.) Today, Stewart filed a proof of service stating the TRO was emailed to several Fay Servicing and Clear Recon Corp email addresses. (Dkt. No. 10.) Stewart's counsel, Jessica Galletta, filed an associated declaration describing how

she attempted to serve Fay Servicing via email.  (Dkt. No. 11.)  The declaration does not indicate Fay Servicing's consent to receive service by email.  Moreover, the declaration does not describe how service was made on Fay Servicing's authorized agent for service.

Accordingly, Stewart must file either (a) an updated proof of service showing that she served the TRO in accordance with the Court's Order and Rule 5, or (b) a written statement addressing the identified deficiencies in the current proof of service.  The updated proof of service or written response are due by **12:00 p.m. on March 26, 2024**.

**IT IS SO ORDERED.**

Dated: March 25, 2024

RITA F. LIN
United States District Judge