s

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KARA MICHELLE STEWART,

Plaintiff,

v.

FAY SERVICING, LLC,

Defendant.

Case No. 24-cv-01775-RFL

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Re: Dkt. No. 4

Plaintiff Kara Michelle Stewart brings this foreclosure-related suit against Defendant Fay Servicing, LLC. Four days ago, on March 22, 2024, Stewart filed an Application for a temporary restraining order ("TRO") to prevent the non-judicial foreclosure sale of her home located at 286 Decanter Circle, Windsor, CA 95492. (Dkt. No. 4, the "Application.") The sale on Stewart's home is currently scheduled for tomorrow, March 27, 2024.

Yesterday, Fay filed a short opposition brief, arguing that the Court lacks subject matter jurisdiction and that the Application does not comply with Civil Local Rule 7-10. Shortly before Fay filed its opposition brief, Stewart filed a First Amended Complaint curing the jurisdictional defect, which the Court had raised on its own in an order earlier in the day. Stewart also supplemented her Application to account for the new federal claims asserted in the First Amended Complaint. Although Fay has received notice of the Application and it is therefore no longer *ex parte*, Fay has not had a meaningful opportunity to address the corrected Amended Complaint or the supplemented version of the Application on the merits, now that the jurisdictional defect appears to have been cured. At the same time, Stewart faces an irreparable injury if the foreclosure sale proceeds tomorrow, and the balance of hardships tips sharply in her favor if her claim is meritorious, as Fay would suffer no comparable injury if the sale were

postponed. Stewart's Application raises sufficiently serious questions as to the merits of the claims to warrant entry of an order barring the foreclosure sale from going forward until Fay has an opportunity to respond further and the Court has an opportunity to review the merits of Stewart's claims after Fay's response. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Accordingly, a hearing on the Application is set for April 4, 2024, at 10:00 a.m. Fay is only enjoined from selling the house until the conclusion of that hearing, absent further order.

## I. PROCEDURAL HISTORY

Stewart filed the Complaint and Application on March 22, 2024. That same day, the Court ordered Stewart to serve the Application and the Order on Fay's authorized agents for service. (Dkt. No. 9.) The Order also commanded Fay to file any opposition to the Application by March 25, 2024. (*Id.*)

On March 25, Stewart filed a certificate of service stating that the Application had been emailed to several email addresses associated with Fay and Clear Recon Corp. (Dkt. No. 10.) Several hours later, the Court issued an Order to Show Cause which (a) raised a concern with the Complaint's subject matter jurisdiction allegations, and (b) informed Stewart that service must be made on Fay's authorized agents, and it must be accomplished using a method permitted under the Federal Rule of Civil Procedures. (Dkt. No. 12.) Later that afternoon, Stewart filed three responses: first, she filed a First Amended Complaint ("FAC") curing the jurisdictional defect. (Dkt. No. 14.) Second, she supplemented her Application to account for the new federal claims asserted in the FAC. (Dkt. No. 15.) And third, her counsel filed a declaration testifying that Stewart hired Wyatt Process Service, LLC to serve Fay's authorized agents. (Dkt. Nos. 16.) Soon after, Fay filed a short opposition brief based on the original Complaint, arguing that the Court lacks subject matter jurisdiction, and that the Application does not comply with Civil Local Rule 7-10. (Dkt. No. 17.)

Today, Stewart filed a response reiterating that she had hired a process server and that Fay has entered the case through counsel. As of this Order, Stewart has not filed a corrected

proof of service.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The FAC properly pleads subject matter jurisdiction. (Dkt. No. 14.) Initially, Stewart pleaded jurisdiction on the basis of diversity, alleging that she was domiciled in California, while Fay "has its principal address in Florida." (Dkt. No. 1 ¶ 7.) On March 25, 2024, The Court issued an Order to Show Cause explaining that, as a limited liability corporation, Fay "is a citizen of every state of which its owners/members are citizens." (Dkt. No. 12 at 2 (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).) The Court granted Stewart one day to file an amended complaint properly asserting subject matter jurisdiction.

That same afternoon, Stewart filed the FAC, which adds three claims for violations of Real Estate Settlement Procedures Act ("RESPA") Section 1024.41 and, based on those claims, alleges federal question jurisdiction. RESPA establishes a private right of action for claims brought pursuant to Section 1024.41. 12 U.S.C. 2605(f). Federal question jurisdiction is therefore proper as to the RESPA claims. Stewart's state law claims arise out of the same case or controversy as the RESPA claims, as they all concern Fay's conduct in advance of its scheduled foreclosure sale on Stewart's home. *See* 28 U.S.C. § 1367. Since judicial economy counsels in favor of adjudicating all those claims together in one action, the Court exercises its supplemental jurisdiction over Stewart's state law claims. The Court therefore has subject matter jurisdiction over this action.

### B. Temporary Restraining Order

***Likelihood of success on the merits.*** Under Federal Rule of Civil Procedure 65(b), a TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). A plaintiff seeking either a TRO or a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). But if a plaintiff can only show that there are "serious questions going to the merits," a court may still grant interim relief if the balance of hardships "tips sharply in the plaintiff's favor," and the other two *Winter* factors are satisfied. *Cottrell*, 632 F.3d at 1135 (citation omitted).

Stewart claims that she will lose her family home in an unlawful foreclosure sale tomorrow, on March 27, 2024, unless the Fay is enjoined. According to Stewart, Fay wrongfully denied her request for loss mitigation assistance and deprived her of any meaningful loss mitigation review. Stewart alleges that Fay's conduct violated various state and federal laws, including RESPA, California's Unfair Competition Law ("UCL"), and the California Homeowner Bill of Rights ("HBOR").

Stewart has shown that there are serious questions going to the merits of her HBOR claims, which she brings pursuant to Cal. Civ. Code §§ 2923.6(f) and 2923.7. *See* Cal. Civ. Code § 2924.12 (authorizing injunctive relief to enjoin material violations of specific HBOR sections, including Sections 2923.6 and 2923.7). She alleges that Fay violated these provisions by failing to provide her with information on the appeals process until after the appeal period expired, and by withholding information on the available foreclosure prevention alternatives. (*See* Dkt. No. 4-2 at 2 ¶ 12.) She has also shown serious questions going to the merits of her RESPA and UCL claims, which arise out of the same allegations. These claims, if true, could bar Fay from executing a foreclosure sale on Stewart's home.

However, the Court recognizes that it would be unfair to fully assess the merits of Stewart's claims at this time. Although Fay filed a limited opposition on May 25, 2024, it appears that Fay did not receive the FAC before filing its opposition, and it has not had a meaningful opportunity to respond to the Application as currently construed.

In its limited opposition, Fay argues that the Application is barred by Civil Local Rule 7-

10, which describes the procedures for filing *ex parte* motions.[1] Rule 7-10 states that a party may file an *ex parte* motion "that is, a motion filed without notice to opposing counsel" if permitted by judicial order, or authorized by a statute, Federal Rule, local rule, or Standing Order. Civil L.R. 7-10. It further states that "[t]he motion must include a citation to the statute, rule, or order which permits the use of an *ex parte* motion to obtain the relief sought." *Id.*

The Application does not cite a statute, rule, or order authorizing the use of an *ex parte* motion. But the Application does not constitute "a motion filed without notice to opposing counsel." Stewart filed the Application through the ECF system, which automatically notifies all parties of record. *See Salinas v. City of San Jose*, No. C 09-4410 RS, 2010 WL 5300920, at *1 (N.D. Cal. Dec. 20, 2010). Although Fay had not yet appeared, it clearly received actual notice of the Application, as demonstrated by its Opposition. *See Serenium, Inc. v. Zhou*, No. 20-CV-02132-BLF, 2020 WL 13111123, at *3 (N.D. Cal. May 29, 2020); *see also Seed Lighting Design Co. v. Home Depot*, No. C 04-2291SBA, 2005 WL 1413177, at *1 n.1 (N.D. Cal. June 16, 2005). And Fay has not shown that any prejudice has resulted from Stewart's failure to cite a regulation. Accordingly, the Application is not barred by Civil Local Rule 7-10.

The Court recognizes that Fay has not had a full opportunity to respond to Stewart's claims. But Stewart alleges that she will lose her home tomorrow if the foreclosure sale is permitted to go forward. In light of the urgency brought about by this impending sale, Stewart has sufficiently shown serious questions as to the merits of her claims.

***Irreparable harm.*** Attorney Jessica Galletta's declaration, filed in support of Stewart's Application, establishes that a foreclosure sale is scheduled for March 27, 2024. (Dkt. No. 4-3 ¶ 3.) Since "[i]t is well-established that the loss of an interest in real property constitutes an irreparable injury," foreclosure on the home clearly constitutes a high likelihood of irreparable harm. *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011); *see also Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653,

---

[1] Fay argues, based on the initial Complaint, that subject matter jurisdiction is lacking. As explained above, this argument is mooted by the FAC.

661 (9th Cir. 1988).

***Balance of hardships.*** The balance of hardships also tips sharply in Stewart's favor. She faces the permanent loss of her home, which she has owned for twenty years. (Dkt. No. 14 ¶ 13; *see also* Dkt. No. 4-2 ¶ 16 (describing how losing the home would be "catastrophic" for Stewart's family and "something we wouldn't be able to recover from.").) By contrast, Defendant Fay faces a delay in selling the property. If the Court ultimately determines that Stewart's claims do not have merit, Fay would be able to proceed with its sale and would likely be able to recover the full amount owed.

***Public interest.*** "[I]t is in the public interest to allow homeowners an opportunity to pursue what appear to be valid claims before being displaced from their homes." *Sencion v. Saxon Mortg. Servs., LLC*, No. 5:10-CV-3108 JF, 2011 WL 1364007, at *3 (N.D. Cal. Apr. 11, 2011). Indeed, HBOR was enacted "to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options[.]" Cal. Civ. Code § 2923.4. The public interest is best served by allowing Stewart to pursue her potentially meritorious claims before being forced from her home.

## III. TEMPORARY RESTRAINING ORDER

Since Stewart has satisfied all four elements of the test for temporary injunctive relief, and to allow the parties to fully brief the arguments raised in the Application, the Court will enjoin the foreclosure sale pending a hearing on the Order to Show Cause as set forth below. **Fay Servicing, LLC, their employees, agents, and/or any other person or entity interacting with them or on their behalf, are RESTRAINED AND ENJOINED from directly or indirectly selling or attempting to sell the property located at 286 Decanter Circle, Windsor, CA 95492. This temporary restraining order shall expire at the conclusion of the hearing on the Order to Show Cause on April 4, 2024, unless extended by further order.**

Fay does not face a realistic likelihood of harm from the temporary restraint of the foreclosure proceedings, and so the Court will not impose a bond in this case. *See Jorgensen v. Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a

bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.")

Stewart shall serve this Order on Fay as soon as possible, and shall file a declaration establishing such service by tomorrow **March 27, 2024**.

## IV. ORDER TO SHOW CAUSE

Fay is further **ORDERED TO SHOW CAUSE** why a preliminary injunction should not issue upon dissolution of the temporary restraining order. Fay shall file a written response by **noon on April 1, 2024**. Stewart may file a reply by **noon on April 3, 2024**. A hearing on that matter will be held on **April 4, 2024, at 10:00 a.m. in Courtroom 15**, 18th Floor, Phillip Burton Federal Building and U.S. Courthouse, in San Francisco, California, unless the parties agree to postpone the hearing with the Court's consent.

**IT IS SO ORDERED.**

Dated: March 26, 2024

RITA F. LIN
United States District Judge